IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS OF TEXAS, LLC,<br><br>               Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY LLC, *et al*.,<br><br>               Defendants. | Civil Action No. 6:09-CV-00208-LED<br><br><br>JURY TRIAL DEMANDED |

**ANSWER AND COUNTERCLAIMS OF
DEFENDANT AMERICAN EXPRESS COMPANY**

Defendant American Express Company ("American Express") hereby answers the Second Amended Complaint For Patent Infringement ("Complaint") filed by Plaintiff Joao Bock Transaction Systems Of Texas, LLC ("Joao Bock") and counterclaims as follows:

**ANSWER TO THE ALLEGATIONS IN JOAO BOCK'S COMPLAINT**

1. American Express admits that Joao Bock purports to assert an action against American Express for patent infringement. American Express denies that there is any legal or factual basis for any Joao Bock claim against American Express. With respect to the allegations in Complaint Paragraph 1 directed to American Express's co-defendants, American Express lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them on that basis. American Express admits that a document that purports to be a copy of U.S. Patent No. 7,096,003 ("the '003 patent"), titled "Transaction Security Apparatus," was attached to the Complaint as Exhibit A. American Express is without knowledge or information sufficient to form a belief as to the truth of Joao Bock's legal

ownership of the '003 patent and therefore denies it on that basis. American Express admits that Joao Bock seeks injunctive relief and monetary damages, but denies that Joao Bock is entitled to any relief whatsoever from American Express. Except as specifically admitted, American Express denies the allegations in Complaint Paragraph 1.

2. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 2 and therefore denies them on that basis.

3. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 3 and therefore denies them on that basis.

4. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 4 and therefore denies them on that basis.

5. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 5 and therefore denies them on that basis.

6. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 6 and therefore denies them on that basis.

7. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 7 and therefore denies them on that basis.

8. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 8 and therefore denies them on that basis.

9. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 9 and therefore denies them on that basis.

10. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 10 and therefore denies them on that basis.

11. American Express is without knowledge or information sufficient to form a belief as

to the truth of the allegations in Complaint Paragraph 11 and therefore denies them on that basis.

12. American Express admits that it is a New York corporation with a principal place of business at 200 Vesey Street, New York, New York 10285. Except as specifically admitted, American Express denies the allegations in Complaint Paragraph 12.

13. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 13 and therefore denies them on that basis.

14. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 14 and therefore denies them on that basis.

15. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 15 and therefore denies them on that basis.

16. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 16 and therefore denies them on that basis.

17. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 17 and therefore denies them on that basis.

18. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 18 and therefore denies them on that basis.

19. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 19 and therefore denies them on that basis.

20. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 20 and therefore denies them on that basis.

21. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 21 and therefore denies them on that basis.

22. American Express is without knowledge or information sufficient to form a belief as

to the truth of the allegations in Complaint Paragraph 22 and therefore denies them on that basis.

23. American Express admits that Joao Bock purports to assert claims against American Express for patent infringement under the patent laws of the United States, Title 35 of the United States Code. American Express further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as specifically admitted, American Express denies the allegations in Complaint Paragraph 23, and specifically denies that there is any legal or factual basis for any Joao Bock claim against American Express.

24. American Express admits that at least one of its subsidiaries conducts some level of business in the State of Texas and in this District. American Express denies that it or its subsidiaries have committed any acts of patent infringement in this District, the State of Texas, or elsewhere. American Express lacks knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 24 as they relate to any other defendant and therefore denies them on that basis. Except as specifically admitted, American Express denies the allegations in Complaint Paragraph 24.

25. American Express denies the allegations in the first sentence of Complaint Paragraph 25. With respect to the allegations in the second sentence of Complaint Paragraph 25, American Express admits that at least one of its subsidiaries conducts some level of business in the State of Texas and in this District. American Express denies that it or its subsidiaries have committed patent infringement, contributed to patent infringement, or has induced others to commit patent infringement in the State of Texas, this District, or elsewhere. American Express admits that at least one of its subsidiaries has customers in the State of Texas and this District who use products of that subsidiary in the State of Texas and this District. American Express lacks knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph

25 as they relate to any other defendant and therefore denies them on that basis. Except as specifically admitted, American Express denies the allegations in Complaint Paragraph 25.

26. American Express admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), but denies that venue is proper as to it under 28 U.S.C. § 1400(b). American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 26 as they relate to any other defendant and therefore denies them on that basis.

27. American Express admits that, on its face, the '003 patent indicates that it issued on August 22, 2006 to inventors Raymond Anthony Joao and Robert Richard Bock, but denies that the '003 patent was duly and legally issued and denies that the '003 patent is in full force and effect. American Express is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph 27 and therefore denies them on that basis.

28. American Express denies the allegations in Complaint Paragraph 28 as they relate to American Express. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 28 as they relate to any other defendant and therefore denies them on that basis.

29. American Express admits that it does not have a license to the '003 patent. American denies that it has committed, contributed to, or induced others to commit acts of patent infringement. American Express further denies that it has engaged in any of the "aforesaid activities" referenced in Complaint Paragraph 29, which are meant to allege acts of patent infringement, contributory infringement, or inducement to commit patent infringement. American Express is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Complaint Paragraph 29 as they relate to any other defendant and therefore denies them on that basis.

30. American Express denies the allegations in Complaint Paragraph 30 as they relate to American Express. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 30 as they relate to any other defendant and therefore denies them on that basis.

31. American Express denies the allegations in Complaint Paragraph 31 as they relate to American Express. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 31 as they relate to any other defendant and therefore denies them on that basis.

32. American Express denies the allegations in Complaint Paragraph 32 as they relate to American Express. American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 32 as they relate to any other defendant and therefore denies them on that basis.

## ANSWER TO JOAO BOCK'S JURY DEMAND

33. No response is required to Joao Bock's jury demand.

## ANSWER TO JOAO BOCK'S PRAYER FOR RELIEF

34. American Express denies that Joao Bock is entitled to any relief whatsoever from American Express or this Court, either as requested in the Complaint or otherwise.

## GENERAL DENIAL

35. American Express denies each and every allegation contained in Joao Bock's Complaint that it did not specifically respond to above.

## **AFFIRMATIVE DEFENSES**

36. American Express alleges and asserts the following defenses in response to the allegations of Joao Bock's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, American Express reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### **First Affirmative Defense**

37. Joao Bock's Complaint fails to state a claim for which relief can be granted, including for the reasons set forth in Visa, Inc's motion to dismiss.

### **Second Affirmative Defense**

38. American Express has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

### **Third Affirmative Defense**

39. The claims of the '003 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102 and/or 103.

### **Fourth Affirmative Defense**

40. The claims of the '003 patent are invalid for failure to comply with one or more of the requirements of Section 112 of Title 35 of the United States Code, 35 U.S.C. § 112.

### **Fifth Affirmative Defense**

41. American Express has not willfully infringed, and is not willfully infringing, any valid and enforceable claim of the '003 patent.

### Sixth Affirmative Defense

42. Joao Bock is estopped, based on statements, representations, and admissions made during the prosecution of the application that led to the '003 patent from asserting any interpretation of the claims of the '003 patent that would be broad enough to cover any of American Express's products or methods, either literally or under the doctrine of equivalents.

### Seventh Affirmative Defense

43. Joao Bock's claims are barred, in whole or in part, by the doctrines of laches, estoppel, license, waiver, acquiescence, and/or unclean hands.

### Eighth Affirmative Defense

44. Under 35 U.S.C. § 286, Joao Bock is precluded from recovering any damages for any alleged infringement that occurred more than six years prior to the commencement of this action.

### Ninth Affirmative Defense

45. Joao Bock cannot satisfy the requirements for injunctive relief because, *inter alia*, upon information and belief it has offered to license the '003 patent and has an adequate remedy at law for the claims alleged in its Complaint.

### **COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff American Express Company ("American Express") counterclaims against Joao Bock Transaction Systems of Texas, LLC ("Joao Bock") as follows:

1. American Express Company is a corporation organized under the laws of the State of New York, with a principal place of business at 200 Vesey Street, New York, New York 10285.

2. Upon information and belief, Joao Bock is a limited liability company organized under the laws of the State of Texas, with offices at 104 East Houston Street, Suite 170, Marshall, Texas.

3. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-2202, and venue is proper in this District at least under 28 U.S.C. §§ 1391(b) and (c).

4. By filing its Complaint, Joao Bock has consented to the personal jurisdiction of this Court and to venue.

5. An actual controversy exists between American Express and Joao Bock regarding the non-infringement and invalidity of United States Patent Number 7,096,003 ("the '003 patent") within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

### COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF UNITED STATES PATENT NO. 7,096,003

6. American Express repeats Counterclaim Paragraphs 1-5 as if fully set forth herein.

7. The '003 patent was issued by the United States Patent and Trademark Office on August 22, 2006. Joao Bock claims to own the '003 patent.

8. By its Complaint in this action, Joao Bock has alleged that American Express has infringed one or more claims of the '003 patent.

9. American Express has not directly infringed, contributed to the infringement, or induced infringement of any valid, enforceable claim of the '003 patent, nor is it directly infringing, contributing to the infringement, or inducing the infringement of any valid, enforceable claim of the '003 patent.

10. A judicial declaration of American Express's non-infringement of the '003 patent is necessary and appropriate to resolve this controversy.

### COUNT II:  DECLARATORY JUDGMENT OF
### INVALIDITY OF
### <u>UNITED STATES PATENT NO. 7,096,003</u>

11.  American Express repeats Counterclaim Paragraphs 1-10 as if fully set forth herein.

12.  By its Complaint in this action, Joao Bock has alleged that American Express has infringed one or more valid claims of the '003 patent.

13.  The claims of the '003 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102 and/or 103.

14.  The claims of the '003 patent are invalid for failure to comply with one or more of the requirements of Section 112 of Title 35 of the United States Code, 35 U.S.C. § 112.

15.  A judicial declaration of invalidity with respect to the '003 patent is necessary and appropriate to resolve this controversy.

### PRAYER FOR RELIEF

WHEREFORE, American Express prays for judgment in its favor and against Joao Bock as follows:

A.  That Joao Bock take nothing by its Complaint;

B.  That the Court enter judgment against Joao Bock and in favor of American Express and that the Complaint in this action be dismissed in its entirety, with prejudice;

C.  That the Court enter a declaratory judgment that American Express has not infringed and is not infringing any valid and enforceable claim of the '003 patent;

D.  That the Court enter a declaratory judgment of invalidity with respect to the '003 patent;

E.  That the Court deem this an exceptional case under 35 U.S.C. § 285 and award American Express its costs and reasonable attorneys' fees; and

    F.  That the Court award American Express any and all other and further relief that the Court deems just and proper.

## JURY DEMAND

American Express respectfully demands a jury trial on all the issues so triable, whether raised by Joao Bock's claims or American Express's defenses or counterclaims.

Date:   July 31, 2009

*/s/ John C. Spaccarotella, with permission by*
*Michael E. Jones*
Michael E. Jones
POTTER MINTON P.C.
110 N. College
500 Plaza Tower
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

OF COUNSEL
Peter J. Armenio
James E. Marina
John C. Spaccarotella
KIRKLAND & ELLIS LLP
Citigroup Center
601 Lexington Avenue
New York, NY 10022-4675
Telephone: (212) 446-4800
Facsimile: (212) 446-6460

*Attorney for Defendant*
*American Express Company*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 31, 2009. Any other counsel of record will be served by First Class U.S. mail on this same date.

                                                                 */s/ Michael E. Jones*