IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOAO BOCK TRANSACTION SYSTEMS OF TEXAS, LLC, § § § Plaintiff, § § vs. § § § AT&T Mobility LLC, et al. § § Defendants. § | | CIVIL ACTION NO. 6:09-cv-208-LED JURY TRIAL DEMANDED |

**DEFENDANTS' NOTICE OF PROPOSAL FOR ECONOMICAL AND EFFICIENT TRIAL AND TRIAL PREPARATION**

Pursuant to the Court's April 15, 2010, Order (Docket No. 204), Defendants present the following proposal to allow the parties to prepare this case for trial and to try the case in an efficient and economical manner.

This case presents unique issues because most of the asserted claims in this case are substantially similar to invalidated claims in a related patent. A jury in the Southern District of New York recently found several relevant claims of the parent patent of the '003 Patent at issue in this case invalid and not infringed. *Sleepy Hollow Bank, et al.*, Civ. Case. No. 7:03-civ-10199.[1] Final judgment is expected to be entered on that verdict in May or June. Because the invalidated *Sleepy Hollow* claims are similar to most of the asserted claims in this case, Defendants propose that the parties address the key issue of invalidity before being forced to fully engage in the most costly aspect of patent litigation – discovery.

Defendants therefore propose that the Court (1) order the parties to complete Initial Disclosures and comply with P.R. 3-1 through 3-4 and then (2) stay all remaining discovery

---

[1] The jury found all asserted claims – Claims 108, 109, 267, 280, 293, and 294 – of U.S. Patent No. 6,529,725 not infringed and invalid on multiple grounds.

pending early briefing on Summary Judgment of invalidity, stemming primarily from the *Sleepy Hollow* court's judgment. Separately, Defendants propose that the Court enter a discovery plan that balances the need to identify relevant documents with the substantial cost of document collection, review, and production.

Counsel for all Defendants had a telephone conference with counsel for Plaintiff on Thursday, April 22, and the parties have continued to correspond by telephone and e-mail. Plaintiff does not at this time agree to the early summary judgment proposal laid out in Sections I through III of this Notice, but does agree to the focused discovery proposals described in Section IV.

I. **SUBSTANTIALLY SIMILAR CLAIMS TO THOSE ASSERTED AGAINST THE DEFENDANTS HAVE BEEN INVALIDATED**

On March 16, 2010, the jury in the *Sleepy Hollow* case returned a verdict finding all asserted claims invalid on multiple grounds, including anticipation, prior invention, and obviousness. *See* Verdict Slip (Ex. A). The Court in the *Sleepy Hollow* case has indicated its intent to enter final judgment in early to mid June.[2] The '725 Patent at issue in the New York case shares a common specification with U.S. Patent No. 7,096,003 at issue in this case. The '003 Patent also is subject to a terminal disclaimer disclaiming any term beyond the '725 Patent. As shown in Exhibit B, each independent claim asserted by Joao in this case against the Defendants, and in particular the Financial Defendants, bears a strong resemblance to one of the two invalidated independent claims of the '725 Patent. And to the extent there are differences between the *Sleepy Hollow* claims and the presently asserted claims, Defendants believe that these differences are not of patentable significance. It is thus likely that the claims against some,

---

[2] The Court previously granted plaintiff's counsel's request to withdraw as counsel of record. Plaintiff has retained new counsel, who has asked the Court until May 14, 2010 to respond to defendant's post-trial memorandum with respect to the form of judgment. Nonetheless, the defendant in *Sleepy Hollow* expects entry of a final judgment by early to mid-June.

or all, of the Defendants can be resolved in whole or in part based on the prior judgment and holdings (such as claim constructions and scope of the prior art) of the *Sleepy Hollow* case on the basis of collateral estoppel. It is similarly likely that other asserted claims can be invalidated over additional prior art building on the art from the *Sleepy Hollow* case.

## II.   EARLY SUMMARY JUDGMENT OF INVALIDITY WILL SAVE COSTS AND MAY STREAMLINE THE CASE

Defendants propose that the Court order early briefing on Summary Judgment of invalidity with Defendants' Opening Brief(s) due 60 days after Defendants serve its invalidity contentions. Even earlier than that date, the Financial Defendants anticipate bringing a Motion for Summary Judgment based on collateral estoppel from the *Sleepy Hollow* judgment. Prior to resolution of the Summary Judgment Motions, Defendants propose that the Court order a stay of all discovery beyond the parties' Initial Disclosures and compliance with P.R. 3-1 through 3-4, and depositions of any experts or declarants upon whom any party relies in support of or opposition to such Summary Judgment motions.[3] The parties have already reached an agreement regarding deadlines for compliance with P.R. 3-1 through 3-4.

Under this proposal, all parties would receive sufficient information and document production to move forward with *Markman* briefing on schedule if the Motions are denied. At the same time, the bulk of discovery costs are deferred until the Court can determine whether the claims against the Defendants should go forward.

---

[3] Specifically, Plaintiff's only obligations would be to produce infringement contentions and supporting documents under P.R. 3-1, the limited categories of documents in P.R. 3-2, and initial disclosures as defined in the Court's Discovery Order. Plaintiff would not be subject to the normal expenses of document production, responding to interrogatories, or defending depositions. Similarly, Defendants' only obligations would be to produce invalidity contentions under P.R. 3-3, representative documents showing product functionality under P.R. 3-4, and initial disclosures as defined in the Court's Discovery Order. Defendants would not be subject to the normal expenses of document production, responding to interrogatories, or defending depositions.

### III. PLAINTIFF'S PROPOSAL TO ASSERT MORE THAN SIXTY CLAIMS AGAINST THE DEFENDANTS ADDS UNNECESSARY COMPLEXITY AND COST

According to the Third Amended Complaint, Plaintiff is seeking to assert more than sixty different claims against the Defendants in this case. *See* Ex. C (independent claims are **boldfaced**). To make this cumbersome case manageable, Defendants propose that no later than May 7, 2010, Plaintiff amend its Infringement Contentions to limit the total number of claims asserted against the Financial Defendants to no more than four (4) independent claims and no more than twelve (12) dependent claims and the total number of claims against the Telecommunications Defendants to no more than two (2) independent claims and no more than eight (8) dependent claims, or show good cause as to why it needs to assert additional claims. This Court has already expressed its concerns regarding the unusually large number of claims in this case, asking Plaintiff to reduce that number. Though Plaintiff has reduced the number of claims asserted against each Defendant, the total claims number of claims asserted in this case is still extremely large.

### IV. POST-EARLY SUMMARY JUDGMENT FOCUSED DISCOVERY

The parties can most efficiently and economically prepare and try this case by engaging in focused discovery as laid out below. Counsel for Plaintiff agrees with these proposals.

Should the Court adopt Defendants' proposal for a partial stay of discovery pending resolution of a Summary Judgment Motion, these limitations would go into effect at the conclusion of that stay. Otherwise, they would apply immediately.

**(1) No Collection or Production of E-mails**:  While in some cases there may be an expectation that highly probative information may be contained in e-mails and nowhere else, this is not such a case. Defendants expect that the technical merits of infringement and validity of the '003 Patent, the primary contested issues in this case, will be based on technical documents.

Emails are not likely to provide probative evidence on these issues. Defendants therefore propose that their Initial document production shall exclude e-mails. The collection, searching, and production of e-mails cause each Defendant to incur a substantial expense. Plaintiff shall have the option to request specific categories of relevant e-mails subject to a showing of specific need and good cause. Defendants shall not exclude any document from production on the basis that it exists as an attachment to an e-mail.

**(2) Testifying Experts:** Drafts of testifying expert reports and all correspondence and emails between litigation counsel and a testifying expert regarding the subject of the expert's opinion (including the expert's notes of conversations with counsel) shall not be subject to discovery or production. Other than these changes, the parties shall comply with the production required by FRCP 26(a)(2)(B) and the Court's local rules. This approach is consistent with the amendments to the rules scheduled to go into effect in December 2010.

## V. <u>CONCLUSION</u>

Defendants' early summary judgment proposal allow the parties to efficiently reach the threshold question of whether Joao's claims can be sustained in light of the *Sleepy Hollow* Court's judgment, without forcing the parties to engage in costly and possibly unnecessary discovery. At the same time, the proposal requires sufficient discovery to allow *Markman* briefing to go forward as currently scheduled by the Court. Separately, Defendants' focused discovery proposal will allow the parties to efficiently prepare the case for trial while avoiding unnecessary expenses of comprehensive discovery.

Attached for the Court's convenience are two proposed Orders, one for Defendants' early summary judgment proposal, and one for its focused discovery proposal. Defendants respectfully request that the Court enter both proposed Orders.

Dated:  April 26, 2010

Respectfully submitted,

By:   /s/ Robert S. Harrell
Robert S. Harrell (Texas Bar No. 09041350)
Attorney-in-Charge
rharrell@fulbright.com
Richard S. Zembek (Texas Bar No. 00797726)
rzembek@fulbright.com
Daniel S. Leventhal (Texas Bar No. 24050923)
dleventhal@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Tel:  (713) 651-5151
Fax: (713) 651-5246

*ATTORNEYS FOR DEFENDANT,*
*ZIONS FIRST NATIONAL BANK*

Dated:  April 26, 2010

By:   /s/ Sam Stubbs
Sam Stubbs
Jeffrey L. Johnson
PILLSBURY WINTHROP SHAW PITTMAN LLP
909 Fannin, Suite 2000
Houston, TX 77010
713-276-7600
Fax: 713-276-7673

Michael E. Jones
POTTER MINTON P.C.
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, TX 75710
903-597-8311
Fax: 903-593-0846

*ATTORNEYS FOR DEFENDANT,*
*AT&T MOBILITY LLC*

Dated:  April 26, 2010

By   /s/
Steven Cherny, *Pro hac vice*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Tel:     212-446-4800
Fax:    212-446-4900
Email: steven.cherny@kirkland.com

Amanda Hollis, *Pro hac vice*
Carl J. Blickle, *Pro hac vice*
KIRKLAND & ELLIS LLP
300 N. LaSalle St.
Chicago, IL 60654
Tel: 312-862-2000
Fax: 312-862-2200
Email: amanda.hollis@kirkland.com
       carl.blickle@kirkland.com

Michael E. Jones, Texas Bar No. 10929400
POTTER MINTON P.C.
110 N. College, Suite 500
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
Email: mikejones@potterminton.com

***ATTORNEYS FOR DEFENDANT***
***BANK OF AMERICA, N.A.***


By: /s/
Bryant C. Boren, Jr.
Texas Bar No. 02664100
Email: bryant.c.boren@bakerbotts.com
BAKER BOTTS, L.L.P.
620 Hansen Way
Palo Alto, California 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

James W. Cannon, Jr.
Texas Bar No. 03746600
Email: jim.cannon@bakerbotts.com
BAKER BOTTS, L.L.P.
98 San Jacinto Blvd., Suite 1500
1500 San Jacinto Center
Austin, Texas 78701
Telephone: (512) 322-2500
Facsimile: (512) 322-2501

Douglas M. Kubehl
Texas Bar No. 00796909
Email: douglas.kubehl@bakerbotts.com

       David O. Taylor
       Texas Bar No. 24042010
       Email: david.taylor@bakerbotts.com
       Matthew D. Colagrosso
       Texas Bar No. 24065060
       Email: matthew.colagrosso@bakerbotts.com
       BAKER BOTTS, L.L.P.
       2001 Ross Avenue
       Dallas, Texas 75201
       Telephone:  (214) 953-6500
       Facsimile:  (214) 661-4791

       ***ATTORNEYS FOR DEFENDANT***
       ***CELLCO PARTNERSHIP D/B/A***
       ***VERIZON WIRELESS***

Dated:   April 26, 2010

       /s/ John McDowell, Jr.
       John McDowell, Jr.
       Texas Bar No. 13570825
       Email: john.mcdowell@klgates.com
       K&L Gates, LLP
       1717 Main St., Suite 2800
       Dallas, TX 75201
       214-939-5500
       Fax: 214-939-5849

       Alan L. Barry (*pro hac vice*)
       Email: alan.barry@klgates.com
       Michael R. Osterhoff (*pro hac vice*)
       Email: michael.osterhoff@klgates.com
       Patricia K. Schmidt (*pro hac vice*)
       Email: patricia.schmidt@klgates.com
       Christopher J. Fahy (*pro hac vice*)
       Email: christopher.fahy@klgates.com
       K&L Gates LLP
       70 W. Madison St., Suite 3100
       Chicago, IL 60602-4207
       312-372-1121
       Fax: 312-827-8000

       ***A*TTORNEYS FOR *D*EFENDANT**
       ***D*ISCOVER *F*INANCIAL *S*ERVICES**

Dated:   April 26, 2010

       By:   /s/ Russell S. Jones, Jr.

        Russell S. Jones, Jr.
POLSINELLI SHUGHART P.C.
120 West 12th Street, Suite 1600
Kansas City, Missouri 64105
Tel:816) 374-0532
Fax:  (816) 816-0198

*ATTORNEYS FOR DEFENDANT
LINDALE STATE BANK*

Dated:   April 26, 2010

By:   /s/ Margaret M. Duncan
   J. Thad Heartfield (Texas Bar No. 09346800)
   Law Offices of J. Thad Heartfield
   2195 Dowlen Road
   Beaumont, Texas 77706
   Phone: 409.866.3318
   Fax:     409.866.5789
   E-mail: thad@jth-law.com

   Margaret M. Duncan
   Rita J. Yoon
   McDERMOTT WILL & EMERY LLP
   227 West Monroe Street
   Chicago, IL 60606-5096
   Phone: 312.372.2000
   Fax:     312.984.7700
   E-mails:  mduncan@mwe.com;
   ryoon@mwe.com

   David M. Stein (Texas Bar No. 00797494)
   McDERMOTT WILL & EMERY LLP
   18191 Von Karman Avenue, Suite 500
   Irvine, CA 92612-7108
   Phone: 949.851.0633
   Fax:     949.851.9348
   E-mail:  dstein@mwe.com

*ATTORNEYS FOR DEFENDANT
M&I MARSHALL & ILSLEY BANK*

Dated:   April 26, 2010

By:   /s/ Margaret M. Duncan
   J. Thad Heartfield (Texas Bar No. 09346800)
   Law Offices of J. Thad Heartfield
   2195 Dowlen Road

        Beaumont, Texas 77706
        Phone: 409.866.3318
        Fax:    409.866.5789
        E-mail: thad@jth-law.com
        Margaret M. Duncan
        Rita J. Yoon
        McDERMOTT WILL & EMERY LLP
        227 West Monroe Street
        Chicago, IL 60606-5096
        Phone: 312.372.2000
        Fax:    312.984.7700
        E-mails: mduncan@mwe.com;
        ryoon@mwe.com

        David M. Stein (Texas Bar No. 00797494)
        McDERMOTT WILL & EMERY LLP
        18191 Von Karman Avenue, Suite 500
        Irvine, CA 92612-7108
        Phone: 949.851.0633
        Fax:    949.851.9348
        E-mail: dstein@mwe.com

        ***ATTORNEYS FOR DEFENDANT THE NORTHERN TRUST COMPANY***

Dated: April 26, 2010

        /s/ Rick L. Rambo
        Winstol D. Carter, Jr., Bar No. 03932950
        Rick L. Rambo, Bar No. 00791479
        Lauren B. Hoffer, Bar No. 24032306
        MORGAN, LEWIS & BOCKIUS LLP
        1000 Louisiana Street, Suite 4200
        Houston, TX 77002
        Tel:    713.890.5000
        Fax:    713.890.5001
        Email: wcarter@morganlewis.com
                rrambo@morganlewis.com
                lhoffer@morganlewis.com

        ***ATTORNEYS FOR DEFENDANT PNC BANK, N.A.***

Dated: April 26, 2010

        ROUSE HENDRICKS GERMAN MAY PC

        /s/ Mark. W. McGrory
        LAWRENCE A. ROUSE
        MARK W. MCGRORY
        One Petticoat Lane Building

|  |  |
|---|---|
|  | 1010 Walnut Street, Ste. 400<br>Kansas City, MO 64106<br>Telephone: (816) 471-7700<br>Facsimile: (816) 471-2221<br>larryr@rghm.com<br>markm@rhgm.com<br><br>RAMEY & FLOCK, P.C.<br>TOM HENSON<br>100 East Ferguson, Suite 500<br>Tyler, Texas 75702<br>Telephone: (903) 597-3301<br>Facsimile: (903) 597-2413<br>thenson@rameyflock.com<br><br>***ATTORNEYS FOR DEFENDANT SPRINT NEXTEL CORPORATION*** |
| Dated:  April 26, 2010 | By: /s/<br>Mark C. Nelson<br>Texas State Bar No. 00794361<br>Matthew D. Orwig<br>Texas State Bar No. 15325300<br>Sonnenschein Nath & Rosenthal LLP<br>2000 McKinney Avenue, Suite 1900<br>Dallas, Texas   75201-1858<br>Telephone:  (214) 259-0990<br>Facsimile:    (214) 259-0910<br>Email:  mcnelson@sonnenschein.com<br>            morwig@sonnenschein.com<br><br>Kirk R. Ruthenberg  (Lead Attorney)<br>District of Columbia Bar No. 415520<br>1301 K Street, N.W.<br>Suite 600, East Tower<br>Washington, DC 20005-3364<br>Telephone: 202.408.6410<br>Fax: 202.408.6399<br>Email:  kruthenberg@sonnenschein.com<br><br>***ATTORNEYS FOR DEFENDANT T-MOBILE U.S.A., INC.*** |
| Dated:  April 26, 2010 | By:    /s/<br>BRETT A. SMITH<br>State Bar No. 18542275<br>JOSEPH M. GREGORY<br>State Bar No. 08436525 |

|  |  |
|---|---|
|  | FEE, SMITH, SHARP & VITULLO, L.L.P<br>Three Galleria Tower<br>13155 Noel Road, Suite 1000<br>Dallas, Texas 75240<br>(972) 934-9100<br>(972) 934-9200 [Fax]<br><br>***ATTORNEY FOR DEFENDANT***<br>***TEXAS NATIONAL BANK***<br>***OF JACKSONVILLE*** |
| Dated: April 26, 2010 | By: /s/ William D. McSpadden<br>John G. Flaim  Attorney-In-Charge<br>Texas Bar No. 00785864<br>Jay F. Utley<br>Texas Bar No. 00798559<br>William D. McSpadden<br>Texas Bar No. 24002587<br>W. Barton Rankin<br>Texas Bar No. 24037333<br>BAKER & McKENZIE LLP<br>2300 Trammell Crow Center<br>2001 Ross Avenue<br>Dallas, Texas  75201<br>Telephone:  (214) 978-3000<br>Facsimile:  (214) 978-3099<br><br>***ATTORNEYS FOR DEFENDANT***<br>***WELLS FARGO BANK, N.A.*** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 26th day of April, 2010.

                                                         /s/Daniel S. Leventhal