UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYLER DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTIONS SYSTEMS OF TEXAS, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>AT&T, INC, agent of AT&T, INC., et al.,  )<br>)<br>Defendant.  )<br>) | Case No. 6:09-cv-208 |

# **DEFENDANT REGIONS BANK'S PROPOSAL FOR TRIAL AND TRIAL PREPARATION**

Pursuant to the Court's April 15, 2010, Order (Docket No. 204), Defendant Regions Bank ("Regions") presents the following proposal to allow the parties to prepare this case for trial and to try the case in an efficient and economical manner.

This case presents unique issues because the asserted claims in this case are substantially similar to invalidated claims in a related patent. A jury in the Southern District of New York recently found several relevant claims of the parent patent of the '003 patent at issue in this case invalid and not infringed. *Sleepy Hollow Bank, et al.*, Civ. Case. No. 7:03-civ-10199.[1] Final judgment is expected to be entered on that verdict in May or June. Because the invalidated *Sleepy Hollow* claims are substantially similar to the claims in this case, Regions proposes that all proceedings in this case be stayed pending a final, non-appealable judgment in the *Sleepy Hollow* litigation before fully engaging in further costly patent litigation.

---

[1] The jury found all asserted claims – Claims 108, 109, 267, 280, 293, and 294 – of U.S. Patent No. 6,529,725 not infringed and invalid on multiple grounds.

## I. SUBSTANTIALLY SIMILAR CLAIMS TO THOSE ASSERTED AGAINST THE FINANCIAL DEFENDANTS HAVE BEEN INVALIDATED

On March 16, 2010, the jury in the *Sleepy Hollow* case returned a verdict finding all asserted claims invalid on multiple grounds including anticipation, prior invention, and obviousness. *See* Exhibit A (Verdict Slip). The Court in the *Sleepy Hollow* case has indicated its intent to enter final judgment in mid-to-late May or June.[2] The '725 patent at issue in the New York case shares a common specification with U.S. Patent No. 7,096,003 at issue in this case. As shown in Exhibit B, each independent claim asserted by Joao in this case against the Financial Defendants bears a strong resemblance to one of the two invalidated independent claims of the '725 patent. It is thus likely that the claims against some, or all, of the Defendants, including Regions, can be resolved based on the prior judgment and holdings (such as claim constructions and scope of the prior art) of the *Sleepy Hollow* case on the basis of collateral estoppel and/or invalidity based on prior art submitted at the *Sleepy Hollow* trial.

## II. A STAY OF THIS CASE PENDING FINAL, NON-APPEALABLE *SLEEPY HOLLOW* JUDGMENT WILL SAVE COSTS AND STREAMLINE THE CASE

Regions proposes that the Court order a stay of all proceedings in this case, including all discovery and claim construction proceedings, until all appeals in the *Sleepy Hollow* case have been exhausted and a final, non-appealable judgment is entered. This Court has already expressed its concerns regarding the resources that may be unnecessarily expended in this case, including the unusually large number of claims in this case.[3] Because the claims asserted against the Defendants, including Regions, are so similar to the claims invalidated in the *Sleepy Hollow*

---

[2] The Court also granted plaintiff's counsel's request to withdraw as counsel of record. Entry of final judgment may be delayed until June since plaintiff has obtained new counsel.

[3] Though Plaintiff has reduced the number of claims asserted against each Defendant at the Court's request, the total claims asserted in this case are still extremely large. As shown in Exhibit C, Plaintiff has asserted different independent claims against presumably similarly-situated Defendants.

case, Regions anticipates that a motion for summary judgment based on collateral estoppel and/or invalidity using the *Sleepy Hollow* prior art will significantly reduce or completely resolve the issues in this case.

Thus, ordering a stay of this case until a final, non-appealable judgment is reached in the *Sleepy Hollow* case will allow the Court and parties to save costs that would otherwise be expended in briefing summary judgment or other case proceedings. Regions anticipates filing a motion for summary judgment based on collateral estoppel and/or invalidity based on prior art submitted at the *Sleepy Hollow* trial once that case reaches final resolution and the requested stay in this case is lifted.

### III. CONCLUSION

Regions' proposal to stay all proceedings in this case will allow the parties and the Court to efficiently litigate this case without forcing the parties to engage in costly and possibly unnecessary litigation.

Regions respectfully requests that the Court enter the attached proposed Order.

Dated: April 26, 2010                             Respectfully submitted,


By:     */s/ Irene Yang*
        Henry C. Bunsow
        California State Bar No. 60607
        Denise De Mory *(appearing pro hac vice)*
        California State Bar No. 168076
        Irene Yang
        California State Bar No. 245464
        HOWREY, LLP
        525 Market Street, Suite 3600
        San Francisco, CA 94105
        Telephone: (415) 848-4900
        Facsimile: (415) 898-4999
        E-Mail:    bunsowh@howrey.com
        E-Mail:    demoryd@howrey.com
        E-Mail:    yangi@howrey.com

                        Elizabeth L. DeRieux
                        State Bar No. 05770585
                        CAPSHAW DERIEUX, LLP
                        1127 Judson Road, Suite 220
                        Longview, TX 75601
                        Telephone:   (903) 236-9800
                        Facsimile:    (903) 236-8787
                        E-Mail:         ederieux@capshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 26th day of April, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail.

            */s/ Irene Yang*