IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOAO BOCK TRANSACTION SYSTEMS OF TEXAS, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:09-CV-208-LED |
| AT&T, INC., et al., | § § § | Jury Trial Demanded |
| Defendants. | § | |

## WELLS FARGO BANK N.A.'S SUPPLEMENTAL PROPOSAL FOR ECONOMICAL CASE MANAGEMENT

Pursuant to the Court's April 15, 2010 order, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits its Supplemental Proposal for Economical Case Management. Wells Fargo adopts and incorporates by reference Defendants' Notice of Proposal for Economical and Efficient Trial and Trial Preparation, which was filed earlier today. Wells Fargo believes that the expenses associated with defending this case can be further reduced, and the resources of this Court can be effectively preserved, by adopting three additional limitations on this case. Each of these limitations are explained below.

### I. PLAINTIFF SHOULD BE REQUIRED TO ASSERT A COMMON SET OF CLAIMS AGAINST EACH DEFENDANT GROUP

The Third Amended Complaint asserts infringement of sixty-five claims by the defendants in this case. As explained in the Third Amended Complaint, these infringement allegations can be divided into two groups: claims asserted against the Financial Defendants and claims asserted aginst the Telecommunications Defendants.[1] As shown in the attached Exhibit A, there is no overlap in asserted claims between the Financial Defendants and the

---

[1] Third Amended Complaint, p. 5.

**Wells Fargo Bank N.A.'s Supplemental Proposal for Economical Case Management**     **Page 1**
DALDMS/678628.2

Telecommunications Defendants.[2] Within each of these defendant groups, however, there is a wide diversity of claims asserted against each of the defendants.[3] There does not appear to be any meaningful justification for this divesity. Accordingly, Wells Fargo believes that all phases of this case – discovery, claim construction, validity, and trial – would be greatly simplified if Plaintiff were required to select a common set of claims to be asserted against each defendant group.

Plaintiff would not suffer prejudice by being limited to a common set of claims. Exhibit B to this Notice demonstrates that there are substantial commonalities to the asserted independent claims.[4] Wells Fargo believes that the differences between these asserted independent claims (highlighted in blue) do not appear to be of patentable significance.[5] To prevent any possible prejudice to the Plaintiff by imposing this limitation, Wells Fargo suggests that Plaintiff should be allowed to assert unique claims against a Defendant, but only upon a showing of good cause and specific need to the Court that the differences between the Financial Defendants' accused products are significant and therefore justify a unique asserted claim.

## II.  IMPOSING REASONABLE LIMITATIONS ON ELECTRONIC DISCOVERY WILL GREATLY REDUCE COST WITHOUT PREJUDICE

The rising costs of managing electronic discovery has contributed significantly to the rising costs of defending a patent infringement lawsuit. In an effort to control these costs, and more narrowly focus the discovery and issues in this case, Wells Fargo requests that the court adopt several reasonable limitations on electronic discovery. First, absent a showing of good cause and specific need, Plaintiff should be limited to requesting a document production from no more than fifteen (15) custodians. Second, also absent a showing of good cause and specific

---

[2] *See* Exhibit A.
[3] *Id*.
[4] Ex. B.
[5] *See* Ex. B (blue highlighting indicating differences).

need, Plaintiff should be limited to providing no more than 50 search terms to be applied to electronic discovery materials. The parties in this case should be allowed to negotiate the list of custodians and search terms in good faith. Implementing both of these measures will greatly reduce the number document collections, reviews, and productions to be made in this case. Wells Fargo believes that this would result in a significant reduction of electronic discovery costs.

## III. PLAINTIFF'S LAWSUIT SHOULD BE LIMITED TO THE PRODUCTS AND SERVICES IDENTIFIED IN THE THIRD AMENDED COMPLAINT

The Court's March 29, 2010 order required Plaintiff to refile its complaint so as to "narrow its case" and "inform Defendants as to what they must defend." Plaintiff refiled its Complaint, identifying certain discreet Wells Fargo products/services of infringement, such as Wells Fargo ACH Fraud Filter and WellsOne Commercial Card.[6] But Plaintiff also included a catch-all sentence referring to "Event Messaging," through which Plaintiff seeks to expand the scope of this case.[7] Indeed, Plaintiff's P.R. 3-1 infringement contention, which were served today, further refer to a nebulous "Fraud Detection and Notification Service & Account Activity Notification Services" as an "Accused Instrumentalit[y]."[8] Under the guise of this new instrumentality, Plaintiff seeks to add Wells Fargo Debit Card Alerts and Wells Fargo Online Alerts as two kinds of "event messaging" activities.[9] This addition of undiscernable accused products and services, if allowed, renders the scope of this case indeterminate and will greatly increase the cost and complexity of this case.

---

[6] Third Amended Complaint, p. 15.
[7] *Id.*
[8] Ex. C, Plaintiff's P.R. 3-1 Infringement Contentions, p. 39 (highlighting added).
[9] *Id.*

## IV. CONCLUSION

To reduce the significant costs of defending this case, Wells Fargo asks the Court to adopt these three limitations consistent with the attached Proposed Order.

Dated: April 26, 2010

>Respectfully submitted,
>
>/s/ William D. McSpadden
>John G. Flaim
>Texas Bar No. 00785864
>Email: john.g.flaim@bakernet.com
>Jay F. Utley
>Texas Bar No. 00798559
>Email: jay.f.utley@bakernet.com
>William D. McSpadden
>Texas Bar No. 24002587
>Email: william.d.mcspadden@bakernet.com
>W. Barton Rankin
>Texas Bar No. 24037333
>Email: w.bart.rankin@bakernet.com
>Nathan A. Engels
>Texas Bar No. 24036526
>Email: nathan.a.engels@bakernet.com
>
>Baker & McKenzie LLP
>2300 Trammell Crow Center
>2001 Ross Avenue
>Dallas, Texas 75201
>Telephone: (214) 978-3000
>Facsimile: (214) 978-3099
>
>ATTORNEYS FOR DEFENDANT
>WELLS FARGO BANK, N.A.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of April, this Supplemental Proposal for Economical Case Management was served electronically on all counsel of record via the Court's CM/ECF system.

      /s/ William D. McSpadden_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOAO BOCK TRANSACTION SYSTEMS OF TEXAS, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:09-CV-208-LED |
| AT&T, INC., et al., | § § | Jury Trial Demanded |
| Defendants. | § § § | |

## **ORDER**

Before the Court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Supplemental Proposal for Economical Case Management. The Court finds Wells Fargo's proposal well-taken and ORDERS the following:

No later than May 7, 2010, Plaintiff shall amend its Infringement Contentions to identify a common set of four (4) independent claims and twelve (12) dependent claims to assert against all of the Financial Defendants in this case (Zions First National Bank, The Northern Trust Company, Wells Fargo Bank, N.A., M&I Marshall & Ilsley Bank, Regions Bank, PNC Bank, N.A., Bank of America, N.A., American Express Co., Discovery Financial Services, Lindale State Bank, Texas National Bank of Jacksonville) and a common set of two (2) independent claims and eight (8) dependent claims to assert against all of the Telecommunications Defendants in this case (AT&T, Inc., AT&T Mobility LLC., Cellco Partnership d/b/a Verizon Wireless, Sprint Nextel Corporation, and T-Mobile U.S.A., Inc.). Upon a showing of good cause and specific need, Plaintiff may assert additional unique claims agasint a specific defendant in this case.

Parties shall agree to a list of no more than fifteen (15) custodians for each Defendant from whom electronic documents are to be collected.  Parties shall also agree a list of no more than fifty (50) search terms to be applied to the electronic documents collected from each custodian.  The parties agree that they shall negotiate the list of custodians and search terms in good faith.  Upon a showing of good cause, the plaintiff may request that a Defendant produce electronic documents from additional custodians or that additional search terms be added.  The parties shall negotiate this list of additional custodians or additional search terms in good faith prior to seeking relief from the court.

No later than May 7, 2010, Plaintiff shall amend its Infringement Contentions to include only those products and services that were specifically identifed in Plaintiff's Third Amended Complaint.